NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0483n.06
Filed: June 9, 2005

No. 04-5321

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JEFFREY SCOTT GINN, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY and COOK, Circuit Judges; VARLAN, District Judge.[*]

PER CURIAM. Jeffrey Ginn appeals his conviction and sentence for wire fraud and bank fraud on various grounds. Because he waived his appellate rights in his guilty-plea agreement, however, we dismiss his appeal.

I

Before Ginn pleaded guilty below, the district court questioned him at length on his background and his understanding of his plea agreement. Ginn testified that he has a bachelor's degree. He stated that he had read the plea agreement and discussed it "extensively" with counsel.

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The Assistant U.S. Attorney stated, and Ginn agreed, that Ginn understood the maximum sentences for his crimes, that he would be sentenced under the Guidelines, and that the government could not guarantee what his sentence would be.  Ginn further agreed that he had the right to appeal his conviction and sentence, but knowingly waived that right, including his right to appeal "any sentence within the applicable maximum statutory penalty."   The court asked Ginn about this a second time, verifying his understanding that he was giving up all appellate rights with respect to his sentence, unless the court "state[s] an illegal sentence or . . . departs upward from the guidelines."  Ginn testified that he understood that the Sentencing Guidelines applied, and that the judge could not decide what Guideline provisions would apply until after he had seen the probation office's report.  He also testified that he had received no promises other than those in the plea agreement.

After the court accepted this plea agreement, Ginn signed an "addendum and supplement" to the agreement, in which he admitted to two further acts of embezzling and fraud, and agreed to have these considered in determining his sentence, in lieu of being subsequently prosecuted for them.  The agreement stated that the base offense level for his sentencing would be 22.  The court accepted the addendum without questioning Ginn further.

After the court imposed sentence at a later hearing, Ginn suddenly claimed not to have understood the plea agreement.  (J.A. at 175.)  The court then acknowledged that it should have asked him about his understanding of the amendment before accepting it.  Then it belatedly asked him about his understanding of the amendment.  Ginn stated that when he signed it, he believed the

net offense level would be 22. But he also acknowledged that he understood that "when you sign a plea agreement and you agree with the Government, if you recommend numbers to the Court . . . that is not binding on the Court." The court again asked if he understood when he signed the agreement that the recommended offense level would not be binding on the court. He at first stated, "I guess I assumed that they were—were binding, at least in the fact that—to be honest, I never gave it a tremendous amount of thought." He then added, "I do know that there's a phrase in there that states that it's not binding to the Court, so, you know, I can read and—and everything, so in that regards, I read that." He further acknowledged reading the agreement language that "The parties recognize that this recommendation does not bind the court." After further questions, the court found that Ginn "read and understood" the agreement, and "reiterate[d] and reaffirm[ed] its full acceptance" of the supplement.

## II

We review for clear error a district court's finding that a defendant knowingly and voluntarily entered into a plea agreement. *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995).

Nothing suggests the district court clearly erred here. As described above, before entering the original agreement, Ginn stated that he understood his agreement did not bind the court. At his sentencing hearing, he acknowledged reading the supplement's language that the agreement was not

binding on the court. Given this, the district court did not clearly err in refusing to be swayed by Ginn's apparently half-hearted effort to claim, after sentencing, that he had not understood.

Ginn argues that because the court did not discuss his appeal waiver in the hearing on the *supplemental* agreement, the waiver was not valid. *See United States v. Murdock*, 398 F.3d 491, 497, 499 (6th Cir. 2005) (denying government's motion to dismiss because "no mention of the waiver of appeal was made in open court until the time of sentencing, after the guilty plea was entered"). But the supplemental waiver here did not add or change anything regarding his appeal waiver. Because the court had already discussed the appeal waiver in its first hearing, it had no reason to do so again, and did not err in failing to do so.

Ginn also argues that the judge violated Fed. R. Crim. P. 11 by questioning him after, rather than before initially accepting the supplement. But upon noticing its error, the court questioned Ginn, and reconsidered the issue. Thus inasmuch as the court erred, it corrected the error itself. Further, Ginn did not move below to withdraw his plea, even though the court, after sentencing, granted a continuance to give him an opportunity to decide whether to do so, further demonstrating any error's harmlessness.

Because Ginn validly waived his appeal rights, we dismiss his remaining claims and his appeal. *See United States v. Bradley*, No. 03-6328, ___ F.3d ___, 2005 U.S. App. LEXIS 3970, at *18-*19 (6th Cir. Mar. 10, 2005) (dismissing all claims, including *Booker* claim, because defendant's plea agreement waived right to appeal).

No. 04-5321
*United States v. Ginn*